[No. 1149-1. Division One—Panel 2. November 20, 1972.]

DALE SHERK et al., Respondents, v. JOHN DOE REDDING et al., Appellants.

*Davies, Pearson, Anderson & Gadbow* and *Erick R. Alden,* for appellants.

*Annon W. May,* for respondents.

SWANSON, J.—Following a defense verdict in an automobile accident case, plaintiffs' motion for a new trial on the ground of an erroneous jury instruction was granted. The defendant, Bessie Mae Redding, a widow,[1] appeals.

The setting for the collision between the Sherk and Redding vehicles culminating in this lawsuit is the intersection of South 56th Street and South Tacoma Way in Tacoma, Washington. Bessie Mae Redding was proceeding south in the curb lane on South Tacoma Way. When she reached the intersection of South Tacoma Way and South 56th Street, she brought her vehicle to a stop for a red traffic light next to a truck which was stopped in the inside lane. When the light turned to green, Mrs. Redding proceeded into the intersection and collided with the side of the Sherk vehicle which was proceeding westerly through the intersection on South 56th Street.

Dianne Sherk had also waited for the traffic light at the intersection of South 56th Street and South Tacoma Way. She had been behind a truck which was also stopped for the light. After the light had turned green for traffic proceeding on South 56th, the truck in front of Mrs. Sherk permitted two eastbound cars to clear the intersection and then made a left turn onto South Tacoma Way. Thereafter,

---

[1] John Doe Redding died after commencement of suit and prior to trial.

Dianne Sherk moved forward into the intersection. Again, she had to wait for the intersection to clear, this time for a vehicle proceeding eastbound on South 56th to make a left turn onto South Tacoma Way in front of her. By this time, Mrs. Sherk did not know whether the traffic light above her was red or green for traffic proceeding through the intersection of South 56th, but she proceeded forward, attempting to clear the intersection, when the collision with Mrs. Redding's southbound vehicle occurred. Neither Mrs. Sherk nor Mrs. Redding observed the other prior to the impact.

Mr. and Mrs. Sherk sued the Reddings for personal injury and property damage. The jury returned a verdict for the Reddings, but on a motion for new trial the trial judge concluded that the jury had been improperly instructed when the court told the jury in instruction No. 10:

[10]

The law requires all drivers to keep a proper lookout for other users of the highway and a failure to do so is negligence.

*A driver entering an intersection, which is controlled by traffic light devices, upon a green light is entitled to assume that he has the right of way, until, in the exercise of reasonable care, he should realize that there is other traffic in the intersection attempting to clear the intersection.*

A driver who lawfully enters a controlled intersection under a green light and is still within the intersection at the instant the light turns red for him and green for drivers proceeding in a different direction may proceed cautiously through the intersection but in so doing must use reasonable care commensurate with the circumstances of traffic then existing.

(Italics ours.)

The trial judge believed the second paragraph of instruction No. 10 was in conflict with the statute and explained his reasoning by stating:

But in this you have said he can proceed until—he can assume he has the right of way, and proceed until he knows or by the exercise of reasonable care should know

to the contrary. I don't think you can say that about a situation when he didn't have the right of way, and right of way, as I see it, is granted to the person already in the intersection. I am going to grant a new trial.

To determine the correctness of this instruction, we must look to the applicable statute. RCW 46.61.055 governs this situation, and it states in part:

Vehicular traffic facing a circular green signal may proceed straight through . . . But vehicular traffic . . . shall yield the right of way to other vehicles . . . lawfully within the intersection . . . at the time such signal is exhibited.

The first portion of instruction No. 10, which was considered by the trial court to be incorrect, told the jury:

A driver entering an intersection, which is controlled by traffic light devices, upon a green light is entitled to assume that he has the right of way . . .

It is helpful to compare the quoted language from instruction 10 with this portion of RCW 46.61.055:

Vehicular traffic facing a circular green signal may proceed straight through . . .

To say, as the statute states, that vehicular traffic facing a green signal may "proceed straight through" the intersection is tantamount to saying, as the instruction states, that a driver entering an intersection upon a green light can assume that he has the right-of-way. Further, the second part of the second paragraph of instruction No. 10 states that such a driver may assume that he has the right-of-way

until, in the exercise of reasonable care, he should realize that there is other traffic in the intersection attempting to clear the intersection.

We have compared this language in instruction No. 10 with the statutory language quoted previously which states:

But vehicular traffic . . . shall yield the right of way to other vehicles . . . lawfully within the intersection . . .

We find the mandate of the statute to be expressed in the instruction in only a slightly different fashion than it is in

the statute itself. In other words, the instruction correctly states that a driver entering an intersection on a green light is entitled to assume that he "has the right of way" meaning, as both the instruction and the statute indicate, that he "may proceed straight through" until he realizes that there is other traffic lawfully in the intersection to which he must yield.

Further, even granting that it is arguable that instruction No. 10 standing alone may be technically erroneous, the error is not a prejudicial one, requiring a new trial, if the instructions taken as a whole correctly inform the jury of the law. *Myers v. West Coast Fast Freight, Inc.,* 42 Wn.2d 524, 256 P.2d 840 (1953); *Lee & Eastes, Inc. v. Continental Carriers, Ltd.,* 44 Wn.2d 28, 265 P.2d 257 (1953); *Patterson v. Krogh,* 51 Wn.2d 73, 316 P.2d 103 (1957). Instruction No. 8, to which no exception was taken and which became the law of the case, contains a verbatim recitation of the applicable portion of RCW 46.61.055. Therefore, the relative rights of both drivers are made clear when instruction 10 is read in conjunction with instruction 8, as the jury was instructed to do and presumably did.

Further, the last paragraph of instruction No. 10 states:

A driver who lawfully enters a controlled intersection under a green light and is still within the intersection at the instant the light turns red for him and green for drivers proceeding in a different direction may proceed cautiously through the intersection but in so doing must use reasonable care commensurate with the circumstances of traffic then existing.

It is apparent that this language contained in instruction 10 is a correct statement of the law, particularly in light of what is said in *Byrnes v. Andrews,* 73 Wn.2d 108, 112, 436 P.2d 467 (1968):

It is thus revealed, under the statute in effect at the time, that if appellant was rightfully within the intersection at the instant the light turned green for respondent, the right rested with appellant *to proceed cautiously through the intersection* and the obligation fell *upon re-*

872

*spondent to yield the right of way so as to permit appellant to clear the intersection.*

We find no error in the instructions given.

Although we do not specifically approve the language of instruction No. 10, we have considered it in the context of the other instructions, notably that of instruction No. 8 which quotes the applicable statute, and we conclude that there was no prejudicial error committed by the trial court in giving instruction 10. The order vacating judgment and granting a new trial is reversed.

FARRIS, A.C.J., and JAMES, J., concur.